IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRACEY RIDOLFI,** | : | Civil No. 1:15-CV-859 |
| | : | |
| Plaintiff | : | (Magistrate Judge Carlson) |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

### I.   Statement of Facts and of The Case

This case, which comes before us for consideration of a motion to dismiss filed by the defendant, involves a dispute relating to a claim under an automobile insurance policy, and began its life as an action filed in state court that was later removed to federal court. The plaintiffs' initial complaint, which was filed in the Court of Common Pleas of York County, names State Farm Mutual Automobile Insurance Company as the defendant and brings two legal claims against State Farm: a claim of breach of an insurance contract between the parties; (Doc. 21, Count 2.), and a companion claim of breach of a state statutory duty of good faith in investigating and paying this insurance claim, violation of 42 Pa.C.S. §8371. (Doc. 21, Count 1.)

In support of these two legal claims, the plaintiffs' second amended complaint, the current operative pleading in this case, contains a detailed 48-page, 65 paragraph factual recital, with accompanying exhibits. (Id., ¶¶1-65.) According to the second amended complaint, the plaintiff was injured in a 2008 automobile accident and pursued claims against both her own insurer, State Farm, and the insurance carrier for the tortfeasor who struck her. Since August 2013, the plaintiff alleges that she has been trying to resolve this insurance claim with State Farm. During this two and one-half year period, Ridolfi alleges that State Farm has misstated its policy limits on at least two occasions; made repeated, redundant and unnecessary requests for medical records; ignored correspondence from the plaintiff and her counsel for months; and attempted to improperly subpoena medical records of the plaintiff without providing the plaintiff proper notice. (Id., ¶¶13-39.) The plaintiff alleges that this conduct violates state insurance claims processing laws and regulations, (Id., ¶¶43-49), and has led to months and years of delay in resolving this insurance claim.

Presented with this state court complaint, State Farm removed this action to federal court, (Doc. 1.), and moved to dismiss Count I of the second amended complaint which alleges a breach of a state statutory duty of good faith in investigation and paying this insurance claim violation of 42 Pa.C.S. §8371 in its

entirety, arguing that the complaint fails to state claim upon which relief may be granted under 42 Pa.C.S. §8371.

This motion is fully briefed by the parties and is, therefore, ripe for resolution. For the reasons set forth below, the motion to dismiss will be denied.

## II. Discussion

### A. Motion to Dismiss–Standard of Review

A motion to dismiss tests the legal sufficiency of a complaint. Rule 12(b)(6) of the Federal Rule of Civil Procedure provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of necessary elements of the plaintiff's cause of action. Id. at 556. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer

possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also, U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the

court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien &Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

**B.** **The Motion to Dismiss The Statutory Bad Faith Claim in Count I of the Complaint in its Entirety is Denied**

Pennsylvania law provides for a cause of action by insurance customers against insurance companies that engage in bad faith claims handling, stating that: "In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer." 42 Pa. C. S. § 8371.

Under Pennsylvania law, "[b]ad faith is a frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured. See Coyne v. Allstate Ins. Co., 771 F.Supp. 673, 678 (E.D.Pa.1991) (bad faith is failure to acknowledge or act promptly on the claims, or refusing to pay without reasonable investigation of all available information); Romano v. Nationwide Mut. Fire Ins. Co., 435 Pa.Super. 545, 646 A.2d 1228 (1994)." Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 (3d Cir. 1999). "Ultimately, in order to recover

on a bad faith claim, the insured must prove: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim." Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005). Case law sets exacting standards for any bad faith claim. As the court of appeals has observed:

> In the primary case construing bad faith under 42 Pa.C.S.A. § 8371, Terletsky v. Prudential Property & Casualty Co., the Superior Court of Pennsylvania explained:
>
>> "Bad faith" on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.
>
> 437 Pa.Super. 108, 125, 649 A.2d 680, 688 (Pa.Super.Ct.1994) (quoting Black's Law Dictionary 139 (6th ed.1990)). Terletsky held that, "to recover under a claim of bad faith," the insured must show that the insurer "did not have a reasonable basis for denying benefits under the policy and that the insurer knew of or recklessly disregarded its lack of reasonable basis in denying the claim." Id. Thus, an insurer may defeat a claim of bad faith by showing that it had a reasonable basis for its actions. Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 307 (3d Cir.1995). Our Court has described "the essence of a bad faith claim" as "the unreasonable and

> intentional (or reckless) denial of benefits." UPMC Health Sys. v. Metro. Life. Ins. Co., 391 F.3d 497, 506 (3d Cir.2004).
>
> Bad faith "must be proven by clear and convincing evidence and not merely insinuated." Terletsky, 649 A.2d at 688 (collecting cases). As the District Court noted, this heightened standard requires the insured to provide evidence "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation, about whether or not the defendants acted in bad faith." Bostick v. ITT Hartford Grp., 56 F.Supp.2d 580, 587 (E.D.Pa.1999) (citations omitted).

Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167, 179 (3d Cir. 2011).

These same exacting standards apply to assessing the sufficiency of complaints alleging bad faith claims under §8371. When considering whether a proposed statutory bad faith claim under §8371 fails as a matter of law: "Many federal district courts have recently been called upon to evaluate bad faith complaints in light of Iqbal and Twombly. Under these Supreme Court decisions, plaintiffs must plead sufficient facts to make out a plausible claim for relief against the defendant. See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). In the bad faith context, district courts have required more than 'conclusory' or 'bare-bones' allegations that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support. See e.g., Liberty Ins. Corp. v. PGT Trucking, Inc., Civ. A. No. 11–151, 2011 WL 2552531, at *4 (W.D.Pa.

Jun. 27, 2011); Pfister v. State Farm Fire & Cas. Co., Civ. A. No. 11–799, 2011 WL 3651349 (W.D.Pa. Aug. 18, 2011); Atiyeh, 742 F.Supp.2d at 599 ('However, these averments are merely conclusory legal statements and not factual averments.').” Palmisano v. State Farm Fire & Cas. Co., CIV.A. 12-886, 2012 WL 3595276 (W.D. Pa. Aug. 20, 2012). See Yohn v. Nationwide Ins. Co., 1:13-CV-024, 2013 WL 2470963 (M.D. Pa. June 7, 2013)(collecting cases). Thus, the assessment of the sufficiency of a particular complaint often turns on the specificity of the pleadings, and calls for recital of specific factual allegations from which bad faith may be inferred in order to defeat a motion to dismiss. Compare Sypeck v. State Farm Mut. Auto. Ins. Co., 3:12-CV-324, 2012 WL 2239730 (M.D. Pa. June 15, 2012) with Zimmerman v. State Farm Mut. Auto. Ins. Co., 3:11-CV-1341, 2011 WL 4840956 (M.D. Pa. Oct. 12, 2011). Where a complaint's §8371 bad faith claim simply relies upon breach of contract allegations, coupled with a conclusory assertion that the failure to pay under an insurance policy was "unreasonable" or made in bad faith, courts have dismissed such claims, but typically have afforded litigants an opportunity to further amend and articulate their bad faith claims. See e.g., Wanat v. State Farm Mut., Auto. Ins. Co., 4:13-CV-1366, 2014 WL 220811 (M.D. Pa. Jan. 21, 2014); Cacciavillano v. Nationwide Ins. Co. of Am., 3:12-CV-530, 2012 WL 2154214 (M.D. Pa. June 13, 2012).

In its motion to dismiss, State Farm asserts that the plaintiffs' complaint fails to meet this exacting standard of pleading. However, at this stage of the proceedings, where our review is cabined by the well-pleaded facts in the complaint, we are constrained to disagree. In reaching this conclusion, we find that second amended complaint, taken as a whole, goes well beyond a mere boilerplate recital of the elements of the statute. Rather, as we construe the second amended complaint, it provides a chronology detailing delays spanning more than a year in the resolution of this claim, delays caused by a what the plaintiffs describe as an improper investigation, coupled with an alleged lack of response by State Farm to numerous legitimate requests for assistance and information from the plaintiffs. Ridolfi further alleges that State Farm's handling of this claim violates specific state insurance claims processing laws and regulations, citing these statutory and regulatory violations as further proof of bad faith. While State Farm vigorously disputes each of these averments, and argues that the facts alleged by the plaintiffs may also be construed to support a prudent effort on its part to thoroughly examine and resolve a suspicious claim, these argument invites us to go beyond the pleadings themselves and resolve essentially factual disputes concerning the proper inferences regarding motive to draw from these disputed facts. This is a task which, in our view, may not be performed on consideration of a motion to dismiss, where we must simply assess

the adequacy of the pleadings. Rather, this task must await another day, another proceeding, or another motion in the nature of a motion for summary judgment.

### III. Recommendation

Accordingly, for the foregoing reasons, the motion to dismiss the second amended complaint (Doc. 23.) will be DENIED.

An appropriate form of order follows.

So ordered this 24th day of March 2016.

                                                    *S/Martin C. Carlson*
                                                    Martin C. Carlson
                                                    United States Magistrate Judge